UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KELLY ZAHRATKA,

            Plaintiff,

v.                                      Civil Action No. 2:20-cv-208

U.S. BANK NATIONAL ASSOCIATION,

and

TRUSTEE SERVICES OF VIRGINIA, LLC,

            Defendants.

## REPORT AND RECOMMENDATION

Plaintiff Kelly Zahratka ("Plaintiff" or "Zahratka") filed suit against Defendants U.S. Bank National Association ("U.S. Bank") and Trustee Services of Virginia, LLC ("Trustee Services") (collectively, "Defendants") in the Circuit Court of the City of Norfolk, alleging that Defendants had wrongfully foreclosed on her home. Defendants removed the action to this court and now move to dismiss Plaintiff's claims. ECF Nos. 5, 15. Plaintiff opposes the Motions to Dismiss and seeks a remand to the Norfolk Circuit Court. ECF No. 7.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the assigned district judge referred these motions to me for a report and recommendation. As explained in greater detail below, I recommend that the court DENY Plaintiff's

Motion to Remand, ECF No. 7; GRANT U.S. Bank's Motion to Dismiss, ECF No. 15; and GRANT IN PART and DENY IN PART AS MOOT Trustee Services' Motion to Dismiss, ECF No. 5, and DISMISS the Complaint.

## I.  Statement of the Case

### A.  Factual Background

The facts alleged in the Complaint, taken as true and construed in the light most favorable to Plaintiff for the pending Motions to Dismiss, see Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), are as follows.  In 2014, Plaintiff entered into a mortgage loan agreement with Reliant Bank, evidenced by a note and secured by a deed of trust, relating to real property located in Norfolk, Virginia (the "Property").  Notice of Removal Ex. A ("Compl."), ¶¶ 1, 5 (ECF No. 1-1).  Reliant Bank assigned the note to U.S. Bank, who later appointed Trustee Services as substitute trustee.  Id. ¶¶ 6-7, 40.  According to the Complaint, the note and the deed of trust expressly incorporated Federal Housing Administration ("FHA") regulations promulgated by the Secretary of the Department of Housing and Urban Development ("HUD") – as relevant here, regulations establishing certain mortgagee prerequisites to foreclosure.  Id. ¶¶ 30-34.

Zahratka fell "somewhat" behind on her monthly mortgage payments and contacted U.S. Bank on March 15, 2016, inquiring about a loan modification.  Id. ¶¶ 9, 12(A).  Her Complaint alleges that a U.S. Bank representative falsely informed her that "she had to

2

be six months in arrears to be considered for a loan modification."
Id. ¶ 12(B)-(C). Plaintiff received the same or similar erroneous
information from U.S. Bank again on March 24, 2016; May 5, 2016;
and June 15, 2016. Id. ¶ 12(D)-(L). Relying on U.S. Bank's
representations and allegedly without knowledge of their falsity,
Plaintiff fell more than six months in arrears. Id. ¶ 17. As a
result, U.S. Bank reported the loan as "seriously in arrears,"
damaging Plaintiff's credit record. Id. ¶ 18. U.S. Bank also
instructed Trustee Services to conduct a foreclosure sale of the
Property, which was scheduled for March 22, 2017. Id. ¶¶ 41-42.

Although not alleged in the Complaint, U.S. Bank has attached
as an exhibit to its supporting memorandum a copy of a Memorandum
of Lis Pendens Affecting Real Estate that Zahratka, through her
current counsel, filed in the Norfolk Circuit Court on March 21,
2017, the day before the scheduled foreclosure sale. The Lis
Pendens sought to halt the sale or have any resulting sale declared
void. Def. U.S. Bank's Mem. Supp. Mot. Dismiss ("U.S. Bank's
Mem.") Ex. A (ECF No. 16-1). In that filing, Zahratka claimed
that U.S. Bank had failed to take certain steps required by HUD
regulations (and incorporated into the deed of trust) prior to
foreclosure. Namely, she alleged that U.S. Bank had "never sought
or held a face-to-face meeting with Zahratka even though U.S. Bank
is required to do so because it has offices within 200 miles of
the home." Id. at 2.

Title 24, section 203.500 of the Code of Federal Regulations requires that mortgagees satisfy certain requirements before "commenc[ing] foreclosure or acquir[ing] title to a property." 24 C.F.R. § 203.500. One such requirement is that the mortgagee "have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid." Id. § 203.604(b). A "reasonable effort" to have a face-to-face meeting "shall consist at a minimum of one letter sent to the mortgagor" and "at least one trip to see the mortgagor at the mortgaged property." Id. § 203.604(d). However, no face-to-face meeting is required if the mortgaged property "is not within 200 miles of the mortgagee, its servicer, or a branch office of either." Id. § 203.604(c)(2).

Plaintiff's efforts to halt or void the foreclosure sale were unsuccessful. With the highest bid, U.S. Bank purchased the Property and received an executed trustee's deed from Trustee Services on March 22, 2017, which was subsequently recorded in the Norfolk Circuit Court Clerk's Office. Compl. ¶¶ 42-43. U.S. Bank reported the foreclosure, further harming Zahratka's credit record. Id. ¶46. U.S Bank also initiated an unlawful detainer action against Zahratka in Norfolk General District Court, which was ultimately dismissed for lack of subject matter jurisdiction. Id. ¶ 47; see also U.S. Bank's Mem. Ex. C (ECF No. 16-3).

4

In late 2018, however, the parties reached an agreement and petitioned the Norfolk Circuit Court to vacate the foreclosure sale and strike the resulting recorded trustee's deed. Compl. ¶ 44; U.S. Bank's Mem. Ex. B (ECF No. 16-2). The circuit court granted the joint request on October 31, 2018, restoring title of the Property to Zahratka, where she continues to reside. Compl. ¶¶ 1, 8, 44; U.S. Bank's Mem. Ex. B.

## B. Present Litigation

Zahratka filed the present action in Norfolk Circuit Court on July 15, 2019, Compl. 1 (ECF No. 1-1, at 2), though U.S. Bank represents that it did not receive service of process until March 26, 2020, Notice of Removal 3; Def. U.S. Bank's Opp'n to Mot. Remand ("U.S. Bank's Opp'n to Mot. Remand") 1 (ECF No. 13).[1] The Complaint asserts three counts against U.S. Bank and one count against Trustee Services. Specifically, Zahratka alleges that U.S. Bank committed actual fraud and breached the implied covenant of good faith and fair dealing by falsely informing her that she had to be at least six months in arrears in order to be considered for a loan modification. Compl. ¶¶ 9-28. Plaintiff also asserts breach of contract stemming from U.S. Bank's failure to comply with the incorporated face-to-face meeting requirement before

---

[1] Trustee Services states that it was not served until April 1, 2020. Def. Trustee Services' Br. Supp. Mot. Dismiss 2 ("Trustee Services' Br.") (ECF No. 6).

proceeding with foreclosure. Id. ¶¶ 29-52. For these claims, Plaintiff seeks $200,000 in compensatory damages and $100,000 in punitive damages. Id. at 13 (ECF No. 1-1, at 14).

With respect to Trustee Services, Zahratka alleges that it breached its fiduciary duty as trustee by proceeding with the foreclosure sale and delivering an executed trustee deed to U.S. Bank despite knowledge of U.S. Bank's failure to comply with the HUD face-to-face meeting requirement. Id. ¶¶ 53-57. Plaintiff seeks $50,000 in compensatory damages from Trustee Services for this claim. Id. at 13 (ECF No. 1-1, at 14).

On April 24, 2020, U.S. Bank, with Trustee Services' consent and proper notice to Plaintiff and the Norfolk Circuit Court, timely removed the case to this court pursuant to 28 U.S.C. § 1441(a), invoking the court's diversity jurisdiction under § 1332(a). See Notice of Removal & Exs. B, C, D (ECF Nos. 1-2, -3, -4). Both defendants have filed Motions to Dismiss the respective claims asserted against them. U.S. Bank argues that Plaintiff's fraud claim is barred by the statute of limitations, and that her claim for breach of the implied covenant of good faith and fair dealing fails because she was already in arrears at the time U.S. Bank representatives allegedly provided the false information. U.S. Bank's Mem. 5-9. Further, U.S. Bank argues that it was exempt from the HUD face-to-face meeting requirement because the Property is not within 200 miles of an appropriate

6

office; thus, it did not breach the deed of trust. Id. at 9-11. Trustee Services concurs with the defenses asserted by U.S. Bank and thus claims that the sole count against it for breach of fiduciary duty must likewise fail.[2]  See generally Def. Trustee Services' Br.

Zahratka opposes the Motions to Dismiss, claiming that the court should remand the action back to state court for want of subject matter jurisdiction; and, in any event, the allegations in the Complaint are sufficient to warrant relief.  See generally Pl.'s Mem. Opp'n to U.S. Bank's Mot. Dismiss ("Pl.'s Opp'n to U.S. Bank") (ECF No. 19); Pl.'s Opp'n to Trustee Services; Pl.'s Mem. Supp. Mot. Remand (ECF No. 8).  This report first addresses Plaintiff's Motion to Remand before turning to Defendants' Motions to Dismiss.

---

[2] Although Plaintiff's breach of fiduciary duty claim against Trustee Services appears to be premised solely on U.S. Bank's failure to comply with the face-to-face meeting requirement, that claim also incorporates the allegations of the other two counts against U.S. Bank.  Compl. ¶ 53.  In defending against the breach of fiduciary duty claim, Trustee Services therefore also responds to all claims against U.S. Bank.  Plaintiff, however, argues that Trustee Services lacks standing to seek dismissal of the fraud and breach of the implied covenant of good faith and fair dealing claims against U.S. Bank.  Pl.'s Mem. Opp'n to Trustee Services' Mot. Dismiss 6 ("Pl.'s Opp'n to Trustee Services") (ECF No. 14). As explained below, because this report recommends that the court grant U.S. Bank's Motion to Dismiss as to all claims against it, it further recommends that the court deny as moot Trustee Services' Motion to Dismiss as to those three claims.

## II. Analysis

### A. Motion to Remand

Title 28, section 1441(a) of the United States Code generally permits a defendant to remove a civil action from state court to federal court if that action could have originally been brought in federal court. 28 U.S.C. § 1441. Here, Defendants aver that the court has jurisdiction over this case pursuant to 28 U.S.C. § 1332. Notice of Removal 1. Section 1332 provides federal courts original jurisdiction over any civil action between citizens of different states where the amount in controversy exceeds $75,000.    Id. § 1332(a)(1).    The Supreme Court has interpreted § 1332(a) as requiring "complete diversity of citizenship" such that "the citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Notwithstanding a defendant's ability to demonstrate conformity with § 1332(a)'s demands, removal on the basis of diversity jurisdiction is not permitted if any defendant is a citizen of the forum state. Id. § 1441(b)(2).

There is no dispute that Zahratka is a citizen of Virginia and seeks damages in excess of $75,000.    Thus, the court has diversity jurisdiction only if U.S. Bank and Trustee Services are not Virginia citizens.    U.S. Bank is a national banking association.    Notice of Removal 2.    For purposes of diversity jurisdiction, national banking associations are "deemed citizens

8

of the States in which they are respectively located." 28 U.S.C. § 1348. In other words, a national banking association is a citizen of the state in which its main office, as set forth in its articles of association, is located. Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006). U.S. Bank has alleged, and Plaintiff does not contest, that its main office, as designated by its articles of association, is located in Ohio. Notice of Removal 2. Accordingly, Plaintiff and U.S. Bank share complete diversity of citizenship.

Trustee Services is organized as a Virginia limited liability company. Notice of Removal 2. But the inquiry does not end there. Rather, the citizenship of a limited liability company is determined by looking to the citizenship of the entity's individual members. Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011). U.S. Bank contends, and Plaintiff again does not dispute, that Trustee Services has a single member, Brock & Scott, PLLC ("Brock & Scott"), a professional limited liability company. Notice of Removal 2. To determine the citizenship of Trustee Services, therefore, one must take the additional step of ascertaining the citizenship of Brock & Scott, which is determined by the citizenship of its individual members, see Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990). According to U.S. Bank, Brock & Scott is comprised of two members, both of whom are natural persons - Thomas E. Brock and Gregory A.

9

Scott - and citizens of North Carolina.  Id.  Consequently, Brock & Scott is a North Carolina citizen, which, in turn, would ordinarily render Trustee Services, whose sole member is Brock & Scott, a North Carolina citizen as well.

Although Plaintiff does not dispute these underlying facts, she argues that Trustee Services should nonetheless be considered a Virginia citizen because it is "organized under the laws of Virginia."  Pl.'s Mem. Supp. Mot. Remand 2.  According to Plaintiff, Trustee Services would have lacked authority to foreclose on Plaintiff's home otherwise.  Id. at 1 (citing Va. Code § 55.1-317); Pl.'s Reply Supp. Mot. Remand 1 (ECF No. 18) (same).[3]  Furthermore, Plaintiff appears to argue that limited liability companies should be treated as a corporation for purposes of diversity jurisdiction.  Pl.'s Mem. Supp. Mot. Remand 1.

---

[3] Section 55.1-317 of the Virginia Code provides, in relevant part,

> No person may be named or act, in person or by agent or attorney, as the trustee of a deed of trust conveying property to secure the payment of money or the performance of an obligation, either individually or as one of several trustees, unless such person is a resident of the Commonwealth.  No corporation, limited liability company, partnership, or other entity may be named or act as the trustee or as one of the trustees of a deed of trust conveying property to secure the payment of money or the performance of an obligation, unless it is organized under the laws of the Commonwealth or of the United States.

Va. Code. § 55.1-317(A).

Plaintiff is incorrect on both counts. First, it is well established in this circuit that limited liability companies are treated the same as partnerships and other unincorporated associations for purposes of determining citizenship: the citizenship of the individual members controls. See, e.g., Cent. W. Va. Energy Co., 636 F.3d at 103 ("For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members."); Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004) ("A limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise. . . . It is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members." (citation omitted)); SunTrust Bank v. Vill. at Fair Oaks Owner, LLC, 766 F. Supp. 2d 686, 688 (E.D. Va. 2011) ("It is well established that, for purposes of federal jurisdictional diversity of citizenship, an LLC is not a corporation, and thus is not considered a citizen of its state of incorporation and principal place of business, but instead shares the citizenship of its members."); see also Carden, 494 U.S. at 187-96 (reaffirming general rule that the citizenship of artificial entities other than corporations "depends on the citizenship of all the members" (internal quotation marks omitted)).

In light of the undisputed facts discussed above, therefore, Trustee Services is a citizen of North Carolina – and only North Carolina – for purposes of diversity jurisdiction.  The fact that the company is organized under the laws of Virginia and is thus a "Virginia entity" does not alter that conclusion in this case. Cf. SunTrust Bank, 766 F. Supp. 2d at 688-89 (noting that a limited liability company is a citizen of the state under whose laws it is organized only in cases brought pursuant to the Class Action Fairness Act's special jurisdictional provisions (citing 28 U.S.C. § 1332(d)(10); Ferrell v. Express Check Advance of SC LLC, 591 F.3d 698 (4th Cir. 2010))).

Plaintiff is a citizen of Virginia, U.S. Bank is a citizen of Ohio, and Trustee Services is a citizen of North Carolina.  Because "no party has the same citizenship as any party on the other side," Reid v. The Wailers, 606 F. Supp. 2d 627, 629 (E.D. Va. 2009), there is complete diversity of citizenship.  Furthermore, the amount in controversy exceeds $75,000.  As a result, the jurisdictional requirements of § 1332(a) are satisfied and removal was proper.  I therefore recommend that the court deny Zahratka's Motion to Remand.

**B.   Motions to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  To avoid dismissal,

the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Though a complaint need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In considering a Rule 12(b)(6) motion, the court must "accept the well-pleaded allegations of the complaint as true," Albright v. Oliver, 510 U.S. 266, 268 (1994), and "construe factual allegations in the light most favorable to the plaintiff," Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999). However, the court does not assume the truth of any legal conclusions or unsupported, conclusory statements. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The court may also consider certain materials outside of the complaint without converting the motion to dismiss into one for summary judgment. This includes documents attached to the complaint, Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004), as well as documents attached to the motion to dismiss if such materials are "integral to and explicitly relied on in the complaint" and their authenticity is not in dispute, Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d

597, 606-07 (4th Cir. 2015). Additionally, the court may consider matters of public record "such as documents from prior state court proceedings." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009).

1.    Count One: Actual Fraud (U.S. Bank)

The first count of the Complaint alleges that U.S. Bank committed fraud by falsely informing Zahratka that she had to be at least six months in arrears in order to be considered for a loan modification. Compl. ¶¶ 9-24. At this stage, U.S. Bank does not dispute Plaintiff's allegations that such information was erroneous, nor that U.S. Bank representatives conveyed that information to her on four separate occasions in 2016 as alleged in her Complaint.    Rather, U.S. Bank asserts a statute of limitations defense.    U.S. Bank's Mem. 5-7.    The bank also says that Plaintiff has failed to plead her fraud claim with particularity, as required by Federal Rule of Civil Procedure 9. Id. at 7-8.

a.    Rule 9(b)'s Particularity Requirement

Beginning with U.S. Bank's second argument, the Complaint adequately pleads a claim for fraud.    Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud."    Fed. R. Civ. P. 9(b).[4]    The Fourth Circuit has explained

_____

[4] Although, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."    Fed. R. Civ. P. 9(b).

14

that to satisfy this requirement, the plaintiff must describe "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison, 176 F.3d at 784.

U.S. Bank claims that the Complaint fails Rule 9(b)'s particularity requirement because it "only alleges that an unidentified U.S. Bank representative represented that [Zahratka] had to be six months in arrears to be considered for a loan modification." U.S. Bank's Mem. 7 (emphasis added). The court has previously rejected the notion that, in circumstances such as these, the complaint must provide the names of or otherwise identify the representatives of the party accused of fraud. See, e.g., Smith v. Flagstar Bank, F.S.B., No. 3:14-cv-741, 2015 WL 1221270, at *2-3 (E.D. Va. Mar. 17, 2015) ("Smith's claim that he spoke with a 'woman representative of Flagstar' is sufficient to satisfy Rule 9(b)." (citation omitted)); Matanic v. Wells Fargo Bank, N.A., No. 3:12-cv-472, 2012 WL 4321634, at *6 (E.D. Va. Sept. 19, 2012) ("Though [Plaintiff] does not identify the exact name of the representative he spoke with, he identifies the representative as an agent of [Defendant], which is sufficient to survive a motion to dismiss."); Nahigian v. Juno Loudoun, LLC, 684 F. Supp. 2d 731, 738 (E.D. Va. 2010) ("Defendants provide no authority . . . supporting a requirement that Plaintiffs must allege the full name of each specific . . . representative.").

Here, the Complaint provides the dates of four separate instances in which a U.S. Bank representative allegedly informed Zahratka over the phone that she had to be at least six months in arrears to be considered for a loan modification. Compl. ¶ 12. This satisfies Rule 9(b). See Smith, 2015 WL 1221270, at *2-3; Nahigian, 684 F. Supp. 2d at 738-39.

   b.   Statute of Limitations

U.S. Bank argues that even if Plaintiff has sufficiently pled a claim for fraud, that claim is nonetheless barred by Virginia's statute of limitations. U.S. Bank's Mem. 5-7; Def. U.S. Bank's Reply Mem. Supp. Mot. Dismiss ("U.S. Bank's Reply") 2-4 (ECF No. 25). I agree.

Where, as here, a federal court sits in diversity, it must look to state law for "the existence and interpretation of any statute of limitation." Va. Imports, Inc. v. Kirin Brewery of Am., LLC, 296 F. Supp. 2d 691, 699 (E.D. Va. 2003); see also Castillo v. Emergency Med. Assocs., P.A., 372 F.3d 643, 646 (4th Cir. 2004). "In Virginia, the statute of limitations for fraud is two years, and begins running when the alleged fraud is discovered or should have been discovered by the exercise of reasonable diligence." Informatics Applications Grp., Inc. v. Shkolnikov, 836 F. Supp. 2d 400, 425 (E.D. Va. 2011) (citing Va. Code §§ 8.01-243, 8.01-249). "[T]he burden is on the plaintiff to prove that he acted with due diligence and yet did not discover the fraud or

16

mistake until within the statutory period of limitation immediately preceding the commencement of the action." Hughes v. Foley, 203 Va. 904, 907, 128 S.E.2d 261, 263 (Va. 1962). According to the Virginia Supreme Court, "due diligence" means "[s]uch a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent man under the particular circumstances." STB Mktg. Corp. v. Zolfaghari, 240 Va. 140, 144, 393 S.E.2d 394, 397 (Va. 1990).

Zahratka filed this action on July 15, 2019. Compl. 1 (ECF No. 1-1, at 2). And there is no dispute that the allegedly false representations occurred three years earlier in March, May, and June of 2016. Zahratka nonetheless argues that her fraud claim is timely because, as alleged in the Complaint, she "did not discover that the [2016] representations . . . were false until the second half of July []2017, when she spoke to her legal [c]ounsel about the facts . . . and her legal counsel advised her that the misrepresentations . . . were false." Compl. ¶ 19.

In claiming her late discovery renders her fraud claim timely, Plaintiff primarily relies on a similar case decided by this court in 2015, Smith v. Flagstar Bank, F.S.B., 2015 WL 1221270. There, on similar facts, the court found that the question of whether the plaintiff's fraud claim was time-barred could not be resolved on a motion to dismiss. Smith, 2015 WL 1221270, at *3-4. Similar to this case, the defendant in Smith informed the plaintiff that in

17

order to be considered for a loan modification, he had to be at least thirty days in arrears. Id. at *1. Almost two years later, the plaintiff's wife applied for a refinancing of the loan and was informed of the availability of a particular "streamlined" refinancing option. Id. at *4. The plaintiff "then researched the potential for a streamlined FHA refinance, and in the process of such research, discovered that the alleged misrepresentation was false because he was not required to fall behind more than thirty days to qualify for" a loan modification. Id.

The defendants in Smith argued that because the information revealing the falsity of the representation was "publicly available online," the plaintiff should have discovered the fraud much earlier. Id. The court disagreed, finding that "a determination of timeliness is best left to a later date once the facts of the case are better developed." Id.

U.S. Bank distinguishes Smith, noting that the alleged misrepresentations in this case occurred in 2016 - allegedly on four separate occasions. And the foreclosure, which allegedly resulted from the false representations, occurred in March 2017, by which time Zahratka had already retained her current counsel.[5]

_____

[5] Zahratka's counsel in this matter also represented the plaintiff in Smith, which was decided in 2015. Her counsel also litigated Phillips v. Wells Fargo Bank, N.A., No. 3:17-cv-519, 2018 WL 1946925 (E.D. Va. Apr. 25, 2018), which likewise involved an allegedly time-barred claim premised on false statements relating

18

Thus, U.S. Bank argues, a person exercising reasonable due diligence in such circumstances would have discovered that the representations were false before "the second half of July []2017," as alleged in the Complaint.  U.S. Bank's Mem. 6.  To support its claims, U.S. Bank attached the Memorandum of Lis Pendens Affecting Real Estate that Plaintiff filed in Norfolk Circuit Court on March 21, 2017.  See U.S. Bank's Mem. Ex. A.  According to U.S. Bank, although that filing disputed U.S. Bank and Trustee Services' ability to foreclose due to U.S. Bank's failure to first have a face-to-face meeting with Zahratka, and not due to the alleged misrepresentations, it nonetheless demonstrates that Plaintiff had obtained counsel as early as four months prior to the time she now states she discovered the fraudulent nature of those misrepresentations.  U.S. Bank's Mem. 6-7; U.S. Bank's Reply 3-4. As such, Plaintiff should have discovered the alleged fraud at least by March 2017 because "a reasonable and prudent person" under identical circumstances would have "discuss[ed] the circumstances of her default (including whether the lender stated that she needed to fall further in default to qualify for a loan modification) as a part of her defense against a foreclosure action on that same loan."  U.S. Bank's Reply 3.

---

to the need to default in order to be considered for loan modification.

19

Trustee Services argues that Plaintiff should have discovered the fraud even sooner. Attached to Trustee Services' brief is a letter from Plaintiff to Brock & Scott, dated September 19, 2016. Trustee Services' Br. Ex. 1 (ECF No. 6-1). In that letter, Zahratka acknowledges receipt of the notice of foreclosure and states that she "fell behind on this obligation due to misinformation from the lender, mis-steps in the servicing of the loan, poor record keeping, [and] contradictory information from different representatives." Id. She also asserts that she has "spoken with an attorney who advised me that prior to foreclosing on my property, it is my right to be offered a face to face meeting with my lender - which did not occur. . . . I have been advised incorrectly several times by the relationship management department at US Bank." Id. Essentially for identical reasons asserted by U.S. Bank, Trustee Services claims that this letter, in which Zahratka says she had "spoken with an attorney" in September 2016, establishes that she should have learned of the fraud at least by that time, commencing the statute of limitations period. Trustee Services' Mem. 3.

At the Rule 12(b)(6) stage, a district court does not consider the merits of affirmative defenses except "in the relatively rare circumstances where . . . all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'" Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc)

20

(second alteration in original) (emphasis omitted) (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)); accord Healey v. Abadie, 143 F. Supp. 3d 397, 402-03 (E.D. Va. 2015) ("In order to rule in Defendant's favor on a statute of limitations defense brought pursuant to Rule 12(b)(6), the Complaint must conclusively foreclose a finding that the action is not time barred.").

Courts in this circuit have also recognized that the foregoing principle permits a court to consider those types of extrinsic evidence that are otherwise appropriate to consider on a motion to dismiss. See, e.g., Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396-97 (4th Cir. 2006) (per curiam) (finding that district court properly considered materials attached to defendant's motion to dismiss in determining applicability of res judicata affirmative defense); Penn v. 1st S. Ins. Servs., Inc., 324 F. Supp. 3d 703, 713-15 (E.D. Va. 2018) (considering public record (Fourth Circuit decision) in dismissing claim as time-barred); Burkhead v. Wachovia Home Mortg., No. 3:12-cv-832, 2013 WL 2156472, at *2 (E.D. Va. May 17, 2013) ("In short, courts do not generally assess the merits of affirmative defenses at the [Rule] 12(b)(6) stage, but when a defendant presents exhibits that clearly demonstrate a defense's validity, the plaintiff herself has made those exhibits central to the dispute, and the exhibits are evidently authentic, courts may rely on those documents in granting a motion to

dismiss."); PRSC, LLC v. Admiral, Inc., No. 2008-1379, 2009 WL 10685578, at *3 (D. Md. Mar. 10, 2009) (considering lease agreement referenced in complaint and attached to defendant's motion to dismiss to determine applicability of affirmative defense of release).

Applying this authority, and assuming Trustee Services has standing to seek dismissal of the fraud claim against U.S. Bank, the court should not consider the September 2016 letter from Zahratka to Brock & Scott. Although Plaintiff appears to concede the letter's authenticity, see Pl.'s Opp'n to Trustee Services 7-8, that letter is not integral to or referenced in the Complaint. See Zak, 780 F.3d at 606-07; accord Fed. Nat'l Mortg. Ass'n v. Quicksilver LLC, 155 F. Supp. 3d 535, 545-46 (M.D.N.C. 2015) (declining to consider document attached to defendant's motion to dismiss in assessing validity of affirmative defense because such document was not integral to or mentioned in the complaint). Accordingly, this report does not consider that letter in arriving at its recommendation.

On the other hand, because the Memorandum of Lis Pendens Affecting Real Estate that Plaintiff filed in Norfolk Circuit Court on March 21, 2017, U.S. Bank's Mem. Ex. A, is a public record, the court may properly consider it in assessing U.S. Bank's statute of limitations defense. See Penn, 324 F. Supp. at 713-15. And in this case, that public filing irrefutably establishes that

22

Plaintiff had obtained counsel – the same counsel representing her in this case – by at least March 2017. Moreover, she obtained counsel for the purpose of contesting U.S. Bank and Trustee Services' pending foreclosure. Although the filing itself appears to rest solely on U.S. Bank's alleged failure to coordinate a face-to-face meeting pursuant to HUD regulations and does not mention the alleged misrepresentations, the Complaint affirmatively alleges that all of the alleged fraudulent representations regarding her need to be six months in arrears occurred in 2016. Plaintiff avers that she was never informed of the fraudulent nature of those representations "until the second half of July []2017," Compl. ¶ 19. However, Plaintiff has "stated no facts demonstrating that, despite the exercise of due diligence, [s]he could not have discovered the alleged fraud any sooner," Schmidt v. Household Fin. Corp., II, 276 Va. 108, 118, 661 S.E.2d 834, 839 (Va. 2008). Even if, as Plaintiff says, her attorney did not advise her of the falsity of the representations until the second half of July 2017, section 8.01-249 of the Virginia Code asks not just when the plaintiff in fact discovered the fraud, but also when the fraud could have reasonably been discovered through the exercise of due diligence. See Va. Code § 8.01-249(1). Indeed, "[c]ommencement of a limitations period need not . . . await the dawn of complete awareness." Brumbaugh v. Princeton Partners, 985 F.2d 157, 162 (4th Cir. 1993).

Here, there is no dispute that Plaintiff was represented by her current counsel at least by March 2017. The scope of that representation involved the same underlying event – foreclosure of the U.S. Bank loan on Zahratka's property. Months prior to her engagement of counsel, she received four separate (but apparently identical) communications from her lender regarding allegedly fraudulent preconditions to loan modification. Each of these statements is enumerated with precision in her Complaint. In light of these facts, it is simply not plausible to suggest, as Plaintiff does, that a person challenging foreclosure on the basis of U.S. Bank's failure to conduct a face-to-face meeting would not have also, through the exercise of reasonable diligence, discovered the falsity of the representations that Plaintiff had to be six months in arrears to be considered for a loan modification. This is particularly so when, as the Complaint alleges, Plaintiff's reliance on those misrepresentations appeared to be a significant contributing factor to U.S. Bank's decision to commence foreclosure in 2016. See Compl. ¶¶ 17-18.

Unlike Smith, Plaintiff here retained counsel long before the limitations period expired. Her counsel clearly knew that representations of the type Plaintiff described could be the basis for a fraud claim as the identical issue was presented in Smith and Phillips, both of which he litigated for other parties. Moreover, there is no dispute that both counsel and Plaintiff knew

24

the date of the representations (2016) and their falsity for more than twenty-two months before filing suit. In short, Plaintiff had "ample opportunity" to discover the fraud and bring a corresponding claim within the two-year limitation period. Demetriades v. Bryant, 389 F. App'x 249, 250 (4th Cir. 2010) (per curiam). She failed to do so. Thus, the court should dismiss Plaintiff's fraud claim as time-barred.

## 2. Count Two: Breach of Implied Covenant of Good Faith and Fair Dealing (U.S. Bank)

Count two of the Complaint alleges that U.S. Bank breached the implied covenant of good faith and fair dealing. Compl. ¶¶ 25-28. According to Plaintiff, in providing the false statements regarding loan modification, U.S. Bank deprived her of "essential rights under the note and deed of trust," including "obtain[ing] the benefits of being current on the note, or not so delinquent as to sustain damage to her credit." Id. ¶ 26.

"In Virginia, every contract contains an implied covenant of good faith and fair dealing." Enomoto v. Space Adventures, Ltd., 624 F. Supp. 3d 443, 450 (E.D. Va. 2009) (citing Va. Vermiculite, Ltd. v. W.R. Grace & Co., 156 F.3d 535, 541-42 (4th Cir. 1998); Penn. Life Ins. Co. v. Bumbrey, 665 F. Supp. 1190, 1195 (E.D. Va. 1987)). To succeed on a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must establish "(1) a contractual relationship between the parties, and (2) a breach of

the implied covenant." Enomoto, 624 F. Supp. 2d at 450 (citing Charles E. Brauer Co. v. NationsBank of Va., N.A., 251 Va. 28, 34-35, 466 S.E.2d 382, 386 (1996)). And such a claim "must be raised in a claim for breach of contract, as opposed to a claim in tort." Stoney Glen, LLC v. S. Bank & Tr. Co., 944 F. Supp. 2d 460, 465 (E.D. Va. 2013) (citing Charles E. Brauer Co., 251 Va. at 33, 466 S.E.2d at 385). In Virginia, deeds of trust are treated as contracts. Mathews v. PHH Mortg. Corp., 283 Va. 723, 733, 724 S.E.2d 196, 200 (2012).

Even assuming Plaintiff has properly pled this claim as one for breach of contract, it fails as a matter of law for the reasons stated in Smith. The plaintiff in Smith also brought a similar claim of breach of the implied covenant of good faith and fair dealing. Smith, 2015 WL 1221270, at *1, *6-7. One day in arrears, the plaintiff called the defendant, Flagstar Bank, seeking a loan modification. Id. at *1. The bank informed the plaintiff that he could not qualify for a loan modification until he was at least thirty days in arrears. Id. In reliance on that representation, the plaintiff fell more than thirty days behind on his payments, damaging his credit score. Id. The plaintiff filed suit, alleging, among other claims, that the bank breached the implied covenant of good faith and fair dealing. Id.

The court dismissed the claim, in part, because the plaintiff was already in arrears at the time of the false statement. Id. at

26

*6. Thus, the "alleged misrepresentation did not induce [the plaintiff] to default." Id. Further, the defendant "did not act in such a manner as to prevent [the plaintiff] from performing his obligations under the contract." Id. In so holding, the court distinguished Bourdelais v. JPMorgan Chase Bank, N.A., 3:10-cv-670, 2012 WL 5404084 (E.D. Va. Nov. 5, 2012), where the court declined to dismiss a similar claim. In Bourdelais, the plaintiff had not yet defaulted on the loan when incorrectly advised that she would need to fall behind on her mortgage payments in order to qualify for a loan modification. See 2012 WL 5404084, at *5 ("Bourdelais alleges that Chase's incorrect representation of the eligibility requirements for the loan modification induced her to default and breach her obligation under the Note and Deed of Trust." (emphasis added)).

By Zahratka's own allegations, she had already defaulted on the loan at the time of the alleged misrepresentations. See Compl. ¶ 9 ("Zahratka contacted U.S. Bank to seek a loan modification at a time when she was somewhat but not greatly in arrears.") Accordingly, Smith's reasoning is persuasive and warrants dismissal of Plaintiff's claim for breach of the implied covenant of good faith and fair dealing. Because any alleged misrepresentation did not induce Zahratka to breach the deed of trust, her claim for breach of the implied covenant of good faith and fair dealing should be dismissed.

27

3.   Count Three: Breach of Contract (U.S. Bank)

Plaintiff next claims that U.S. Bank breached the deed of
trust by failing to comply with HUD's face-to-face meeting
requirement for FHA loans. Compl. ¶¶ 29-52. As stated above, HUD
regulations charge mortgagees with the duty of meeting mortgagors
face-to-face, or making a reasonable effort to do so, "before three
full monthly installments due on the mortgage are unpaid."   24
C.F.R. § 203.604(b). However, this requirement does not apply if
"[t]he mortgaged property is not within 200 miles of the mortgagee,
its servicer, or a branch office of either." Id. § 203.604(c)(2).

With respect to this claim, the Complaint includes the
following allegations:

- U.S. Bank sent a letter to Zahratka that implicitly
  acknowledged its duty to comply with the face-to-face
  regulatory requirement incorporated into the deed of trust,
  Compl. ¶ 35;

- In such letter U.S. Bank appeared to contend that it was
  sufficient for U.S. Bank to meet the FHA face-to-face
  regulatory requirement by sending a letter to Zahratka
  offering Zahratka a face-to-face meeting, id. ¶ 36;

- [U.S.] Bank sent another letter to Zahratka which it contended
  was in compliance with the applicable FHA face-to-face
  regulation incorporated into the deed of trust, id. ¶ 37;

- However, as set forth herein above, the applicable FHA face-
  to-face regulatory requirement provides at a minimum that
  compliance with the requirement to offer a face-[]to-face
  meeting must include a visit to the home in an effort to see
  Zahratka, which U.S. Bank never did. . . .   Under the
  applicable regulation, U.S. Bank was required to tell
  Zahratka she was entitled to a face-to-face meeting, because
  U.S. Bank knew that it had an office within 200 miles of the
  home, id. ¶ 38;

- Because the applicable FHA regulations were incorporated into the deed of trust, the lack of compliance by U.S. Bank with the applicable FHA face-to-face requirement prohibited U.S. bank from any right to foreclose on the home, id. ¶ 39.

U.S. Bank argues that this breach of contract claim must fail as a matter of law because the bank was not required to comply with this regulation since there is no appropriate office within 200 miles of the mortgaged property, and, in any event, Plaintiff's non-specific claim that such an office exists is insufficient to survive a motion to dismiss. U.S. Bank's Mem. 9-11.

Although the Complaint does not identify a particular office within 200 miles of the Property, one of Zahratka's previous state court filings specifically identified U.S. Bank's corporate trust office in Richmond, Virginia, as the relevant location. See U.S. Bank's Mem. Ex. C (ECF No. 16-3, at 7). And earlier this year, the Fourth Circuit held that that particular office was not a "branch office" within the meaning of 24 C.F.R. § 203.604. See Stepp v. U.S. Bank Trust National Association, 956 F.3d 266 (4th Cir. 2020).[6]

Plaintiff merely responds that "her averment that U.S[.] Bank had a branch office within 200 miles of her home, for purposes of the motion to dismiss, should be taken as correct." Pl.'s Opp'n

---

[6] Zahratka's counsel represented the plaintiff in the Stepp case as well.

29

to U.S. Bank 9-10; Pl.'s Opp'n to Trustee Services 10-11. Alternatively, Plaintiff seeks leave to amend her Complaint, although she does not allege any office location to be added by the amendment. Pl.'s Opp'n to U.S. Bank 10; Pl.'s Opp'n to Trustee Services 11.

After reviewing the relevant allegations in the Complaint, I conclude that it fails to plausibly allege that U.S. Bank was subject to the face-to-face meeting requirement. Rule 8(a)(2) "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp., 550 U.S. at 555 (alteration in original) (first quoting Fed. R. Civ. P. 8(a)(2); then quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In Bell Atlantic Corp., the Supreme Court explained that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (second alteration in original) (citations omitted) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Following the Fourth Circuit's conclusion in Stepp, simply alleging that "U.S. Bank knew it had an office within 200 miles of

the home" without further elaboration amounts to nothing more than a "naked assertion," Bell Atl. Corp., 550 U.S. at 557, insufficient to withstand Rule 12(b)(6) scrutiny. Holding otherwise would improperly deny Defendants "fair notice" of the basis for such an assertion, id. at 555, and thus deprive them of the ability to effectively defend against it, North Carolina v. McGuirt, 114 F. App'x 555, 558 (4th Cir. 2004) (per curiam). Accordingly, the court should dismiss this claim without prejudice and grant leave to amend if Plaintiff can plausibly identify a branch office of U.S. Bank within 200 miles of Plaintiff's Norfolk residence.

4.    Count Four: Breach of Fiduciary Duty (Trustee Services)

The sole count against Trustee Services for breach of fiduciary duty is premised on Trustee Services going forward with the foreclosure sale despite the fact that all preconditions to foreclosure were not satisfied - namely, U.S. Bank's purported failure to comply with the incorporated face-to-face meeting requirement set out in 24 C.F.R. § 203.604. Because the Complaint fails to state a claim for breach of contract on this issue, the related claim of breach of fiduciary duty must likewise fail. Accordingly, the court should grant Trustee Services' Motion to Dismiss as to the sole count against it without prejudice and permit leave to amend.

## IV.   Conclusion and Recommendation

For the foregoing reasons, I recommend that the court DENY Plaintiff's Motion to Remand, ECF No. 7. I further recommend that the court GRANT U.S. Bank's Motion to Dismiss, ECF No. 15.   With respect to Trustee Services' Motion to Dismiss, ECF No. 5, the court should DENY AS MOOT the Motion as it relates to Counts One, Two, and Three of the Complaint, and GRANT the Motion as it relates to Count Four. Accordingly, the court should DISMISS Counts One and Two of the Complaint WITH PREJUDICE, and Counts Three and Four WITHOUT PREJUDICE with leave to amend.

## V.   Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.    Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

32

2.    A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations.    Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

July 27, 2020

33