IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

KELLY ZAHRATKA,

      Plaintiff,

v.                         Civil Action No. 2:20-cv-208

U.S. BANK NATIONAL ASSOCIATION

and

TRUSTEE SERVICES OF VIRGINIA, LLC,

      Defendants.

## REPORT AND RECOMMENDATION

This Report recommends the court dismiss two counts reasserted in an Amended Complaint against Defendants, Trustee Services of Virginia, LLC ("Trustee Services") and U.S Bank National Association ("U.S. Bank"). Both counts rely on the same allegation of fact, which Plaintiff Kelly Zahratka ("Zahratka") now concedes she cannot establish. Accordingly, for the reasons set out in detail below, the report recommends the court dismiss both remaining counts with prejudice.

Trustee Services filed a Motion to Dismiss, ECF No. 36, seeking to dismiss Count Four of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In a December 16, 2020 Order, ECF No. 48 ("Hearing Ord."), the court converted Trustee Service's motion to a Motion for Summary Judgment to

1

consider matters outside the pleadings.  On December 7, 2020, U.S. Bank filed a Motion for Judgment on the Pleadings, ECF No. 46, relying on the same factual material to contend Count Three failed to state a claim against it.  Plaintiff responded to both motions on December 21, 2020.  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the assigned district judge referred these motions to me for a report and recommendation

## I.   STATEMENT OF THE CASE

As the facts of this case have been described in detail previously, see Rep. & Recom. (ECF No. 26), this Report recites only those allegations relevant to the present motions.  This case arose when Plaintiff sued U.S. Bank and Trustee Services (collectively "Defendants") in the Circuit Court of the City of Norfolk, alleging that Defendants had wrongfully foreclosed on her home.  Compl. (ECF No. 1-1).  Defendants removed the action to this court and moved to dismiss Plaintiff's claims.  Def.'s Notice Removal (ECF No. 1); Trustee Services' Mot. Dismiss (ECF No. 5); U.S. Bank's Mot. Dismiss (ECF No. 15).  On August 27, 2020, the Court dismissed with prejudice Counts One and Two of Plaintiff's Complaint, and dismissed without prejudice Counts Three and Four, granting leave to amend.  Dismissal Ord. (ECF No. 29, at 2-3).  Count Three of Plaintiff's complaint alleged that under the Fair Housing Act ("FHA") regulations of the

2

Federal Department of Housing and Urban Development ("HUD"), U.S. Bank was required to provide Plaintiff with a face-to-face hearing before foreclosing on her home, "because U.S. Bank knew it had an office within 200 miles of the home."  Compl. ¶ 38. Count Four further alleged that Trustee Services breached its fiduciary duty to Zahratka when it allowed the foreclosure despite being informed by Zahratka that U.S. Bank had not complied with this requirement and conducted a face-to-face hearing.  Id. ¶ 54-55.  Because both these counts relied on Plaintiff's "naked assertion," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007), that U.S. Bank had a branch office within 200 miles of Plaintiff's Norfolk residence, the Court dismissed Counts Three and Four with leave to amend if Plaintiff could plausibly identify such an office.[1]  Rep. & Recom. 31.

Plaintiff filed an Amended Complaint on September 17, 2020. Amend. Compl. (ECF No. 30).  The amended complaint reiterated Counts Three and Four -- asserting that U.S. Bank was required to provide Plaintiff with a face-to-face hearing before foreclosing on her home -- but this time alleging that U.S. Bank had a branch office in McLean, Virginia, which was within 200

---

[1] Although Plaintiff's Complaint did not identify such an office, the court examined related state court filings, which identified U.S. Bank's corporate trust office in Richmond, Virginia as the relevant location.  However, in the time since those state court filings, the Fourth Circuit explicitly held that U.S. Bank's Richmond office was not a branch office within the meaning of 24 C.F.R. 203.604.  Rep. & Recom. 29 (citing Stepp v. U.S. Bank Trust National Association, 956 F.3d 266 (4th Cir. 2020)).

miles of Plaintiff's property.  Id. ¶ 15.  In support of this assertion, the Plaintiff included an internet printout from U.S. Bank's website, dated September 17, 2020, which showed that a mortgage branch manager was located at 6707 Old Dominion Dr., Ste 210, McLean, Virginia 22101.  Id. Ex. A (ECF No. 30-1).

Trustee Services moved to dismiss the amended complaint's Count Four, asserting that Plaintiff failed to plead a breach of contract claim, without which there could be no breach of fiduciary duty claim.  According to the motion, Plaintiff still "failed to plead sufficient facts to support that U.S. Bank had a branch office within 200 miles of her home in 2016."[2]  Trustee Services' Br. Supp. Mot. Dismiss Amend. Compl. (ECF No. 37, at 4-5) ("Trustee Services' Br.") (emphasis added).  Zahratka's Memorandum in Opposition, objected to Trustee Services' characterization of its Amended Complaint as merely showing that U.S. Bank currently has a branch office in McLean, Virginia, asserting "the amended complaint stated that U.S. Bank 'had a branch office at 8707 Old Dominion Drive, Ste 210, McLean, Virginia 22101[,]'" and implying that the court should construe this use of the past-tense in favor of Zahratka to conclude that

---

[2] Trustee Services also asserted that Plaintiff failed to meet the applicable statute of limitations and failed to plead sufficient facts to support her claims of breach of contract and breach of fiduciary duty.  Trustee Services' Mot. Dismiss Amend. Compl. 1; Trustee Services' Br. 1-4.  However, it is not necessary to reach these assertions, because, as explained below, Count Four cannot stand without the existence of a branch office within 200 miles of the Plaintiff's property in question at the time of the foreclosure.

the McLean office existed in 2016.  Pl.'s Mem. Opp. Trustee Services' Mot. Dismiss Amend. Compl. (ECF No. 39, at 6).

Trustee Services filed a Reply Brief on November 12, 2020, which referenced exhibits included in U.S. Bank's answer to the Amended Complaint that were material to the question of whether U.S. Bank had a branch office in McLean, Virginia at the time of Plaintiff's foreclosure in 2016.  Trustee Services' Repl. Br. Pl.'s Mem. Opp. Trustee Services' Mot. Dismiss Amend. Compl. (ECF No. 40, at 1-2) ("Trustee Services' Repl. Br.").  The exhibits included U.S. Bank's lease for the McLean property and "Lender List Search Results" from HUD's website listing the McLean location approval date as August 2, 2020.  U.S. Bank's Ans. Amend. Compl. Exs. 1-2 (ECF Nos. 38-1, 38-2).  Trustee Services also noted that in <u>Stepp v. U.S Bank Nat'l Ass'n</u>, No. 5:18-CV-00052, 2018 WL 6625081 (W.D. Va. Dec. 18, 2018), the U.S. District Court for the Western District of Virginia found that as of December 18, 2018, U.S. Bank did not have a branch office in Virginia.  Trustee Services' Repl. Br. 2; <u>see also</u> <u>Stepp v. U.S Bank Nat'l Ass'n</u>, No. 5:18-CV-00052, 2018 WL 6625081 (W.D. Va. Dec. 18, 2018), <u>aff'd</u>, 956 F.3d 266 (4th Cir. 2020).

On December 7, 2020, U.S. Bank filed its own Motion for Judgment on the Pleadings, ECF No. 46, which asserted, based on the same evidence, that Count Three alleged against it should be

dismissed because U.S. Bank did not have a branch office in Virginia until 2019.   Mem. Law Supp. U.S. Bank's Mot. J. Pleadings (EFC No. 47) ("U.S. Bank's Memo.").

The parties convened via Zoom for a hearing on Trustee Service's motion on December 16, 2020.[3]   During the hearing I advised Zahratka's counsel that I intended to rely on the cited exhibits in recommending a disposition on Trustee Services motion, and would thus convert it to a Motion for Summary Judgment. See Fed. R. Civ. P. 12(d).   Following the hearing, I issued an order allowing Plaintiff time to submit information material to the factual issue of whether U.S. Bank had a branch office within 200 miles of Plaintiff's residence when the foreclosure at issue took place.   Hearing Ord. 3.

On December 21, 2020, Plaintiff responded to both motions, acknowledging that there are grounds to dismiss Counts Three and Four of her complaint, as "there was no branch office of U.S. Bank on the date of the foreclosure of Zahratka's home."   Pl.'s Resp. U.S. Bank's Mot. J. Pleadings & Trustee Services' Mot. Dismiss Amend. Compl. (ECF No. 50, at 1) ("Pl.'s Resp.").   Both motions are now ripe for review.

---

[3] U.S. Bank's Motion for Judgment on the Pleadings, which was not ripe at the time of the hearing via Zoom, subsequently ripened and was referred by the presiding judge.   See Hearing Ord. 2 n.1; Referral Ord. (ECF No. 51).

## II.   <u>STANDARD OF REVIEW</u>

**1.   Summary Judgment**

Federal Rule of Civil Procedure 56 requires the Court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-24 (1986). "A material fact is one 'that might affect the outcome of the suit under the governing law.' A disputed fact presents a genuine issue 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" <u>Spriggs v. Diamond Auto Glass</u>, 242 F.3d 179, 183 (4th Cir. 2001) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)). If there is no genuine issue as to any material fact, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." <u>Celotex Corp.</u>, 477 U.S. at 323.

The party seeking summary judgment has the initial burden of informing the Court of the basis of its motion and identifying materials in the record it believes demonstrates the absence of a genuine dispute of material fact. Fed. R. Civ. P. 56(c); <u>Celotex Corp.</u>, 477 U.S. at 322-25. When the moving party has met its burden to show that the evidence is insufficient to

support the nonmoving party's case, the burden shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986).

2.   **Motion for Judgment on the Pleadings**

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." <u>Columbia v. Haley</u>, 738 F.3d 107, 115 (4th Cir. 2013) (citing <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243 (4th Cir. 1999)). Thus, a motion for judgment on the pleadings "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of [her] claim entitling [her] to relief." <u>Drager v. PLIVA USA, Inc.</u>, 741 F.3d 470, 474 (4th Cir. 2014) (quoting <u>Edwards</u>, 178 F.3d at 244); <u>see also</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007) (to avoid dismissal, the complaint must contain "enough facts to state a claim to relief that is plausible on its face").

A court "may consider the complaint, answers, matters of

public record, exhibits to the complaint and answer, and 'exhibits to the Rule 12(c) motions that were integral to the complaint and authentic.'" Bremus v. AMR Corp., 527 B.R. 221, 225 (E.D. Va. Nov. 3, 2015) (quoting Massey v. Ojaniit, 759 F.3d 343, 347 (4th Cir. 2014)).

### III. <u>ANALYSIS</u>

1.   **Count Three: Breach of Contract (U.S. Bank)**

In her first remaining count, Plaintiff claims that U.S. Bank breached the deed of trust by failing to comply with HUD's face-to-face meeting requirements for FHA loans. Amend. Compl. 3-9. Title 24, Section 203.500 of the Code of Federal Regulations requires that mortgagees satisfy certain requirements before "commenc[ing] foreclosure or acquir[ing] title to a property." 24 C.F.R. § 203.500. One such requirement is that the mortgagee "have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid." Id. § 203.604(b). A "reasonable effort" to arrange a face-to-face meeting "shall consist at a minimum of one letter sent to the mortgagor" and "at least one trip to see the mortgagor at the mortgaged property." Id. § 203.604(d). However, a face-to-face meeting is not required if the mortgaged property "is not within 200 miles of the mortgagee, its servicer, or a branch office of either." Id. § 203.604(c)(2).

With respect to this amended claim, Plaintiff initially alleged that U.S. Bank was not exempt from visiting Zahratka's property and providing her with an opportunity for a face-to-face meeting, because it "had" a branch office in McLean Virginia.   Amend. Compl. 5.   Yet the only support for this assertion consists of a printout of U.S. Bank's website from September 2020, showing that U.S. Bank had a mortgage branch manager in McLean, Virginia as of the date the website was viewed.   Id. Ex. A.   Thus, U.S. Bank argues that this contract claim must fail as a matter of law because there is no factual support for Plaintiff's claim that U.S. Bank had a branch office within 200 miles of Plaintiff's home at the time of the foreclosure proceedings in 2016.   U.S. Bank's Memo. 4-5 (pointing to U.S. Bank's exhibits supporting that the McLean, Virginia office was not opened until 2019 and concluding that "[b]ecause U.S. Bank did not have a branch office within 200-miles of the Property, it was exempt from the face-to-face meeting requirements . . . and Plaintiff's claim against U.S. Bank fails as a matter of law"); see also Trustee Services' Br. 4-5 ("[T]he Plaintiff does not plead when U.S. Bank opened the branch office in McLean, Virginia, nor pleaded that that branch office was open when Plaintiff's mortgage loan fell into default.").

Following a review of the Defendants' exhibits and

10

"representation by counsel for U.S. Bank," as well the Fourth's Circuits holding in Stepp v. U.S. Bank Trust National Association, 956 F.3d 266 (4th Cir. 2020) that "U.S. Bank's office in Richmond, Virginia is not a 'branch office' within the meaning of the FHA face-to-face regulatory requirement incorporated into Zahratka's deed of trust," Plaintiff now acknowledges that U.S. Bank did not have an applicable branch office at the time of foreclosure. Pl.'s Resp. 1–2. Thus, Plaintiff cannot allege in good faith the fact necessary to support this claim—namely, that U.S. Bank's McLean location existed in 2016. Following the court's hearing on the subject, Plaintiff's counsel conceded the point, agreeing that the Count Three of the amended complaint should be dismissed. Accordingly, I recommend that the Court grant U.S. Bank's Motion for Judgment on the Pleadings and dismiss Count Three with prejudice.

## 2.   Count Four: Breach of Fiduciary Duty (Trustee Services)

The claim against Trustee Services for a breach of fiduciary duty is based on Trustee Services proceeding with the foreclosure sale despite the fact that U.S. Bank had not complied with all preconditions of the sale, specifically, U.S. Bank's alleged failure to conduct a face-to-face meeting pursuant to 24 C.F.R. § 203.604. Because, as the parties have acknowledged, Plaintiff's Amended Complaint fails to state a

11

claim for breach of contract regarding U.S. Bank's requirement to conduct a face-to-face meeting, this related claim fails for the same reasons.   Therefore, the Court should grant Trustee Services' Motion for Summary Judgment and dismiss Count Four with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned recommends that the court GRANT Trustee Services' Motion for Summary Judgment, ECF No. 36, and U.S. Bank's Motion for Judgment on the Pleadings, ECF No. 46, and dismiss with prejudice Counts Three and Four of Plaintiff's Complaint.   As these are the only claims remaining in the Amended Complaint, the court should likewise dismiss the case with prejudice.

## V.   REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of service of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.   Rule 6(d) of the Federal Rules of Civil Procedure permits an additional three (3) days, if service occurs by mail.   A party may respond to any other party's

objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

Douglas E. Miller
2021.01.08 08:41:50
-05'00'

_____
DOUGLAS E. MILLER,
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

January 8, 2021